UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WARREN GROOMES,<br><br>    Petitioner,<br><br>v.<br><br>JOHN POWELL et al.,<br><br>    Respondents. | Civ. No. 18-12183 (KM)<br><br>**MEMORANDUM OPINION** |

## KEVIN MCNULTY, U.S.D.J.

The petitioner, Warren Groomes, is a state prisoner who seeks to proceed pro se with a habeas proceeding filed under 28 U.S.C. § 2254. On October 31, 2018, I issued a memorandum and order to show cause directing Mr. Groomes to show cause within 45 days why his habeas petition should not be dismissed as untimely under the one-year limitations period created by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). (DE 2.) Mr. Groomes has responded to that order to show cause, and I now consider whether he has shown that his petition may be considered timely.

AEDPA creates a one-year limitations period for habeas petitions by state prisoners, which typically begins to run when the underlying judgment "bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). The Supreme Court of New Jersey denied a petition for certification on direct appeal of Mr. Groomes's criminal

judgment on or before September 12, 2016.[1] *See State v. Groomes*, 151 A.3d 94 (N.J. 2016). As Mr. Groomes did not seek certiorari from the Supreme Court of the United States, his criminal judgment became final 90 days later, on December 11, 2016.

Upon these facts, it appeared to the Court that the time for Mr. Groomes to file a federal habeas petition had expired by December 11, 2017, one year after his judgment became final. The Court received Mr. Groomes's habeas petition on July 30, 2018, some eight months after that deadline. By order to show cause, however, I gave Mr. Groomes an opportunity to show why this analysis was incorrect or why the AEDPA limitations period should be tolled so as to render his petition timely. (*See* DE 2.)

In his response to the order to show cause, Mr. Groomes expresses regret that he was unable to timely file a habeas petition but does not identify any specific reason why his petition should be found timely or why tolling of the limitations period would be appropriate. (*See* DE 3.) Unfortunately, the petition must be dismissed because it is untimely under AEDPA. With this opinion, I will enter a final order of dismissal.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

---

[1] The petition indicates that the Supreme Court of New Jersey denied certification on September 7, 2016, which, if true, would only harm the petitioner's position on timeliness. (*See* DE 1 ¶ 9(g)(4).) Because, as I find, the petition is some eight months late, this several days' discrepancy makes no difference.

2

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

An appropriate order follows.

DATED: April 8, 2019

KEVIN MCNULTY
United States District Judge